# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLES STARKS, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV416-197 |
| UNITED STATES OF AMERICA, | ) ) ) | CR412-119 |
| Respondent. | ) ) | |

# **REPORT AND RECOMMENDATION**

Charles Starks seeks 28 U.S.C. § 2255 relief from his drugs and gun-possession convictions. CR412-119, Doc. 37. Upon preliminary review under § 2255 Rule 4, it should be denied.

Starks' plea agreement, accepted by this Court, waived his right to directly appeal or collaterally attack his conviction or sentence for any reason beyond grounds not applicable here. Doc. 31 at 4. Unsurprisingly, he took no appeal, so his conviction became final on February 26, 2013, 14 days after the Court entered its judgment against him on February 12, 2013. Doc. 30. *See* Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment).

Starks filed the instant § 2255 motion over three years later. Doc. 37 at 13 (he failed to inscribe the date over his signature but it was docket-filed on July 12, 2016). His § 2255 motion is time-barred by § 2255(f)(1), the one-year limitations period, unless he can establish a § 2255(f) exception. He attempts that here by arguing that *Johnson v. United States*, ___ U.S.___, 135 S. Ct. 2551 (2015), applies to his sentence and justifies the relief he seeks. *Id.* at 12. He evidently premises his motion's timeliness on *Johnson* retroactively applying to his case and thus falling under § 2255(f)(3)'s "new rule" trigger. In that regard, *see Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (*Johnson* is a new substantive rule and thus applies retroactively to cases on collateral review).

The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at §

924(e)(2)(B). *Johnson* found that "residual" clause so vague as to violate due process. *See* 135 S. Ct. at 2557.

Starks was sentenced to 162 months for violating 18 U.S.C. § 922(g)(1) ("Possession of a firearm and ammunition by a convicted felon") and 21 U.S.C. § 841(a)(1) and (b)(1)(D) ("Possession with intent to distribute marihuana"). Doc. 30 at 1. The Court's judgment expressly specifies that he was he was "sentenced as a career offender pursuant to USSG 4B1.1." *Id.* at 2. That's part of the U.S. Sentencing Guidelines, to which *Johnson* does not apply. *United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015); *In re Griffin*, 823 F.3d 1350, 1355-56 (11th Cir. 2016); *Saunders v. United States*, 2016 WL 4007677 at * 1 (S.D. Ga. July 26, 2016).

It follows that Starks cannot look to *Johnson* and § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the one-year clock started the day his conviction became final February 26, 2013). Time

thus expired on February 26, 2014, so his July 2016-filed motion is untimely.[1]

Starks' § 2255 motion also fails on waiver grounds. In his plea agreement, he waived his right to direct appeal and collateral attack:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in *any* post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding, on *any* ground, except [on grounds here not relevant].

Doc. 31 at 4 (emphasis added). Such waivers are

> valid if the defendant made the waiver knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes it manifestly clear that the defendant otherwise understood the full significance of the waiver. *Id.*; *see also United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). When a valid sentence-appeal waiver is entered into knowingly and voluntarily and contains express language waiving the right to collateral review, it is enforceable and precludes the defendant from collateral attacking a sentence on the basis of ineffective assistance of counsel. *Williams*, 396 F.3d at 1342.

---

[1] Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a fundamental miscarriage of justice that has probably resulted in the conviction of one who is actually innocent. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). Starks invokes neither exception.

*Demello v. United States*, 969 F. App'x. 969, 971-72 (11th Cir. 2015); *Taylor v. United States*, 2016 WL 742118 at * 3 (S.D. Ga. Feb. 24, 2016). Cases like this typically necessitate the generation of both the transcript and a government response to determine whether the movant effectively waived his rights to direct and collateral review.

Yet, ordering that up here -- where Starks advances no specific plea-invalidity facts (*e.g.*, that he was coerced or tricked into the plea), much less any ineffective assistance of counsel claim -- defeats the very bargain that the government secured. That deal gave him certain benefits in exchange for sparing the taxpayers the expense of defending against a collateral attack (government attorney time required to respond to his § 2255 motion, transcript expenses, etc.). To order a transcript and response, then, would gut that bargain.

"That is why the Eleventh Circuit's heightened pleading burden must be honored." *Holland v. United States*, 2014 WL 5241531 at * 2 (S.D. Ga. Oct. 14, 2014) (explaining that specific, waiver-invalidating facts must be pled, and emphasizing that mere, "I-want-a-do-over" allegations will not suffice). Where that burden is not met, the agreement itself (here the above excerpt, plus Starks' affirmation of his

understanding and acceptance, doc. 31 at 10), plus the absence of any waiver-invalidating allegations (he does not even acknowledge his waiver), stops the § 2255 train. *Id.* Hence, he has waived his otherwise meritless *Johnson* claim. *Reyes-Sosa v. United States*, 2016 WL 3981360 at * 3 (S.D. Ga. July 5, 2016).

Charles Starks' § 2255 motion therefore should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot. Finally, the Court **DENIES** his motion for appointment of counsel. Doc. 38.

**SO REPORTED AND RECOMMENDED,** this  30th  day of August, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA